### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

| | |
|---|---|
| SAMANTHA HOBBS, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| ANDREW SAUL, | *   No. 3:19-cv-00349-JJV |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |
| | * |

### **MEMORANDUM AND ORDER**

Ms. Hobbs has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments.  (Tr. 12-25.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty-one years old at the time of the administrative hearing. (Tr. 92.) She testified she is a high school graduate. (*Id*.) She has past work as a cook and as a certified nurse's assistant. (Tr. 23.)

The ALJ[1] found Ms. Hobbs met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 12.) She has "severe" impairments in the form of "seizure disorder, degenerative disc disease of the lumbar and cervical spine, migraine headaches, hypertension, and obesity." (Tr. 13.) The ALJ further found Ms. Hobbs did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15.)

The ALJ determined Ms. Hobbs had the residual functional capacity to perform a reduced range of light work given her physical impairments. (Tr. 17.) The ALJ determined Ms. Hobbs could no longer perform her past work, so the ALJ utilized the services of a vocational expert to

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 109-111.) Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of price tag ticketer and sales attendant - despite her physical limitations. (Tr. 24.) Accordingly, the ALJ determined Ms. Hobbs was not disabled. (Tr. 25.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Hobbs argues that the ALJ's residual functional capacity assessment was flawed in that it failed to account for the extent to which Plaintiff's migraines would prevent her from working. (Doc. No. 14 at 5-13.) Ms. Hobbs clearly suffers from pain and limitation – especially given the combination of her impairments. But given my limited review under the law and after carefully considering the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence. I am therefore unable to find reversible fault in the ALJ's opinion.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in her opinion, the ALJ fairly set out the rationale for her conclusions. (Tr. 17-23.)

Ms. Hobbs argues that the residual functional capacity assessment conducted by the ALJ did not sufficiently consider limitations which will arise in the workplace due to Plaintiff's migraines. (Tr. 395.) Plaintiff correctly pointed out that Dr. Edward Kramer, treating neurologist, created a treatment plan suggesting that Plaintiff's migraine symptoms were severe enough to necessitate frequent absences from work. (Tr. 900.) However, the ALJ considered Dr. Kramer's

opinion and stated:

> The opinion of Dr. Edward Kramer is given little weight. This opinion indicated that the claimant could not stand and/or walk for up to two-hours in an eight-hour workday. Dr. Kramer further opined that the claimant would miss approximately one day per month for seizures. Additionally, Dr. Kramer opined that the claimant had no limitations for unskilled work. First, this opinion did not provide an opinion on what the claimant could still do despite the claimant's impairments. The opinion was limited to the requirements of sedentary work and unskilled work. Second, this opinion failed to provide an adequate explanation for this assessment. Third, the assessment is not supported by the objective medical evidence or other medical evidence. For example, Dr. Kramer indicated that the claimant could not stand and/or walk for two hours during an eight-hour day but the medical evidence generally showed that the claimant had a normal gait. Fourth, the assessment is inconsistent with medical evidence from other medical sources.

(Tr. 22.)

After carefully considering Ms. Hobbs's argument, I find no error in the ALJ's residual functional capacity assessment. There is ample evidence to support her decision. While there is indeed some evidence to support Ms. Hobbs's claims, the overall evidence supports the ALJ's conclusion that she could perform a limited range of light work. Dorothy Leong, M.D. and James Metcalf, M.D. both reviewed the medical evidence and concluded Plaintiff maintained the physical residual functional capacity for light work. (Tr. 127-129, 146-148.) Realizing Drs. Leong and Metcalf did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions.

Additionally, though the medical evidence indicates that Plaintiff's migraines are severe in nature, various facts suggest that they are not inhibitive of Ms. Hobbs's capacity to perform light work. First, evidence shows that Plaintiff has had chronic migraines throughout much of her adult life and has worked for extended periods both as a cook and as a certified nurse's assistant. (Tr. 23. 93-97, 260.) Evidence showing that a claimant has worked with an impairment for years undermines the claim that the impairment is disabling. *Gowell v. Apfel*, 242 F.3d 793, 798 (8th

Cir. 2001). More recently, Ms. Hobbs testified that she was able to perform everyday tasks such as cooking, cleaning, and doing laundry as well as shopping, making jewelry, and playing on her computer. (Tr. 17-23, 97-98, 104, 287-289, 319-321.) While the extent of a claimant's daily living activities does not alone show an ability to work, such activities may be considered along with other evidence when evaluating a claimant's credibility. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). Further, Ms. Hobbs left her previous job not as a direct result of her physical impairments but due to a workplace dispute. (Tr. 98.) Leaving the workforce for non-disability related reasons may weaken a claimant's argument. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments which I find are without merit. Ms. Hobbs's counsel has done an admirable job advocating for her. But is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

    IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

    IT IS SO ORDERED this 15th day of July 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE